UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RUTH CHAVIT,

    Plaintiff,

vs.

Case No.:

NOBLE HOUSE RETIREMENT OF
JACKSONVILLE, LLC a Florida
Limited Liability Company; and
RHONDA HATLEY, Individually,

    Defendants.
_____/

## VERIFIED COMPLAINT & DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, RUTH CHAVIT ("Plaintiff"), by and through the undersigned counsel, and files this Complaint against Defendants, NOBLE HOUSE RETIREMENT OF JACKSONVILLE, LLC, a Florida Limited Liability Company, ("NOBLE HOUSE"); and RHONDA HATLEY, Individually ("HATLEY"), (collectively "Defendants"), and states as follows:

## JURISDICTION

1. Jurisdiction in this Court is proper as this is a claim for wages brought pursuant to the Fair Labor Standards Act, as amended ("FLSA"), 29 U.S.C. §201, et seq., to recover unpaid back wages, overtime wages, an additional equal amount in liquidated damages, and to recover reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331 as these claims arise under 29 U.S.C. §216(b).

3. Venue is proper in this Court because the Plaintiff resides within the District and Defendant maintains business operations within the District.

## PARTIES

4. At all times material hereto, Plaintiff was and continues to be a resident of Duval County, Florida.

5. At all times material hereto, Defendant NOBLE HOUSE was, and continues to be a Florida Limited Liability Company. Further, at all times material hereto, Defendant NOBLE HOUSE was, and continues to be, engaged in business in Florida, doing business in Duval County.

6. Based on information and belief, at all times material hereto, Defendant HATLEY is individual resident of Duval County, Florida.

7. At all times material hereto, HATLEY directed and operated NOBLE HOUSE.

8. At all times material hereto, HATLEY regularly exercised the authority to: (a) hire and fire employees of NOBLE HOUSE; (b) determine the work schedules for the employees of NOBLE HOUSE; and (c) control the finances and operations of NOBLE HOUSE.

9. By virtue of having regularly held and exercised the authority to: (a) hire and fire employees of NOBLE HOUSE; (b) determine the work schedules for the employees of NOBLE HOUSE ; and (c) control the finances and operations of NOBLE HOUSE , HATLEY is an employer as defined by 29 U.S.C. 201 *et. seq*.

10. Further, at all times material hereto, HATLEY was an Operations Director for NOBLE HOUSE, acting in NOBLE HOUSE's interest in directing the work of Plaintiff.

11. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

12. At all times material hereto, Defendants were "employers" within the meaning of the FLSA.

13. At all times material hereto, Defendant NOBLE HOUSE was, and continues to be, an enterprise engaged in the "handling, selling, or otherwise working on goods and materials that have been moved in or produced for commerce by an person" within the meaning of the FLSA.

14. Based upon information and belief, the annual gross revenue of Defendants is in excess of $500,000.00 per annum during the relevant time periods.

15. NOBLE HOUSE is an institution primarily engaged in the care of elderly clients who reside on the premises.

16. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

17. NOBLE HOUSE is a senior assisted living facility for residents dealing with memory loss. It provides assistance with obtaining and administrating medications, transportation to medical facilities, and housekeeping.

18. On January 8, 2014, Defendants hired Plaintiff to work as "Care Staff."

19. Plaintiff's job duties included administering medication, and assisting with residents' everyday needs, such as bathing, changing, and serving food.

20. At various material times hereto, Plaintiff worked for Defendants in excess of forty (40) hours within a workweek.

21. Defendants paid Plaintiff a weekly salary for her work.

22. Plaintiff has none of the qualifications to accurately categorize her as an

exempt employee.

23. Plaintiff did not have the ability to hire or fire employees, nor to set schedules.

24. Furthermore, Plaintiff did exercise discretion to decisions with respect to matters of significance to the Company.

25. From approximately January 2014 and continuing through July 2019, Plaintiff worked in excess of sixty (60) or more hours, nearly every week as a caregiver.

26. Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single workweek. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of (40) hours per week as required by the FLSA.

27. Defendant's business underwent an audit by the Department of Labor ("DOL").

28. While Defendants contends that the DOL spoke with Plaintiff and concluded Plaintiff was properly classified as exempt, Plaintiff never spoke with the investigator about her job duties or responsibilities.

29. Undersigned counsel, prior to filing this action, requested that Defendants provide any proof that the DOL had spoken with Plaintiff or conducted an actual analysis of Plaintiff's position. However, Defendants refused to provide any documentation regarding same[1].

---

[1] Plaintiff's counsel offered Defendants the ability to enter into a Tolling Agreement to allow additional time to provide any evidence in support of it contention that Plaintiff was properly classified as exempt. However, Defendants declined and indicated that it would not cooperate in any pre-suit investigation, requiring Plaintiff immediately to file the complaint in order to avoid prejudice to her statute of limitations.

30. At all times material hereto, Plaintiff's day to day duties were caring for residents.

31. At all times material hereto, Plaintiff's nametag states simply "Care Staff." *See Exhibit A.*

32. In June 2019, Defendants back-paid all hourly employees, but excluded Plaintiff as a salaried employee.

33. Plaintiff questioned HATLEY regarding her unpaid overtime, but was told she was not permitted to obtain overtime compensation because she was a salaried employee.

34. In July 2019, Defendants changed Plaintiff's pay to an hourly rate.

35. Upon information and belief, many of the records concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

36. Defendants have violated Title 29 U.S.C. §207 from at least January 2014 and continuing through at least July 2019, in that:

   a. Plaintiff worked in excess of forty (40) hours in one or more weeks for the period of her employment with Defendants;

   b. No payments, and provisions for payment, have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours per workweek as provided by the FLSA.

37. Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA was willful, as Defendants knew, or reasonably should have known, that Plaintiff was owed overtime compensation and had the same job

duties as other non-exempt individuals in its employ who did get paid overtime.

38. Defendants refused and/or failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

## COUNT I
## UNPAID OVERTIME WAGES

39. Plaintiff realleges and incorporates paragraphs 1 through 39 of the Complaint as if fully set forth herein.

40. From at least January 2014 and continuing through July 2019, Plaintiff worked in excess of forty (40) hours per week during one or more weeks of her employment for which she was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

41. Plaintiff was misclassified as an "exempt" employee, without having the proper qualifications.

42. Plaintiff was and is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) hours.

43. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by their unlawful misclassification of Plaintiff's pay as a "salaried" employee not entitled to overtime when her job duties were identical to those of her non-exempt co-workers.

44. Defendants misclassified Plaintiff as "exempt" in order to only pay Plaintiff exactly forty (40) hours per week, notwithstanding that Plaintiff worked sixty (60) or more hours in nearly every week.

45. Defendants have failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

46. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

47. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

48. This complaint was translated to Tagalog for Plaintiff's review before Plaintiff

WHEREFORE, Plaintiff requests a judgment entered in her favor and against Defendants for actual and liquidated damages, as well as costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable as a matter of right. DATED this 2nd day of December, 2019.

Respectfully Submitted,

Angeli Murthy, Esq.
Florida Bar No.: 088758
Morgan & Morgan, P.A.
8151 Peters Rd. Suite 4000
Davie, FL 33324
Telephone: (954) 327-5369
Facsimile: (954) 327-3016
Email: amurthy@forthepeople.com
*Trial Counsel for Plaintiff*

# EXHIBIT "A"

